IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WHITNEY BANK, a Mississippi
State Chartered Bank, formerly
known as Hancock Bank, a Mississippi
State Chartered Bank, as assignee of the FDIC
as Receiver for Peoples First Community
Bank, a Florida banking corporation,

    Plaintiff,

v.

PANKAJ J. PATEL, JYOTI PATEL,
SHREE GAYATRIMA, INC.,
UNITED BANK, and ANY UNKNOWN
TENANTS IN POSSESSION,

    Defendants.
_____/

CASE NO.

## COMPLAINT

Plaintiff Whitney Bank, a Mississippi State Chartered Bank, formerly known as Hancock Bank, a Mississippi State Chartered Bank, sues Defendant Pankaj J. Patel, Jyoti Patel (collectively "Mr. and Mrs. Patel"), to recover money due under a promissory note, and to foreclose a mortgage securing the repayment of the promissory note, and for grounds states as follows:

### Party, Venue, and Jurisdiction

1.    This is an action for damages which exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

{M0807539.1}

2. Plaintiff Whitney Bank is a Mississippi State Chartered Bank doing business in the State of Florida as Hancock Bank.

3. Upon information and belief, Defendant Pankaj J. Patel is an adult residing in and/or doing business in Santa Rosa County, Florida.

4. Upon information and belief, Defendant Jyoti Patel is an adult residing in and/or doing business in Santa Rosa County, Florida.

5. Defendant Shree Gayatrima, Inc. is a Florida corporation conducting business in Santa Rosa County, Florida.

6. Defendant United Bank is an Alabama banking corporation doing business in Santa Rosa County, Florida.

7. Any Unknown Tenants in Possession reside or conduct business in Santa Rosa County, Florida.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees, and there is complete diversity of citizenship between Whitney Bank and Mr. and Mrs. Patel.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants Mr. and Mrs. Patel reside in and/or conducts business in in this district.

## Facts

Plaintiff Whitney Bank reasserts the allegations contained in paragraphs 1 – 7 above and further alleges:

10. On or about January 2, 1999, Defendants Mr. and Mrs. Patel executed and delivered to Peoples First Community Bank ("Community Bank") a promissory note in the original principal amount of $596,750.00 with a maturity date of January 2, 2004 (the "Note"). A true and correct copy of the promissory note is attached hereto as Exhibit "A".

11. As security for the repayment of the indebtedness due under the Note, and all subsequent debts incurred by Defendants Mr. and Mrs. Patel, on or about January 2, 1999, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank a Mortgage securing the loan, with real property located in Santa Rosa County, Florida which was recorded in the Official Records of Santa Rosa County, Florida (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

12. As further security for the repayment of the indebtedness due under the Note, and all subsequent debts incurred by Defendants Mr. and Mrs. Patel, on or about January 2, 1999, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank an Assignment of Rents and Leases therein authorizing Community Bank to "collect the rents, income, receipts, revenues, issues and/or profits" emanating from the mortgaged property upon any default by Defendants Mr. and Mrs. Patel under the loan documents (the "Assignment of Rents and Leases") which was recorded in the Official Records of Santa Rosa County, Florida. A true and correct copy of the Assignment of Rents and Leases is attached hereto as Exhibit "C".

13. On or about April 1, 1999, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank a Corrective Assignment of Rents and Leases that was recorded in the Official Records of Santa Rosa County, Florida to correct the legal description of the real property described in the Assignment of Rents and Leases. A true and correct copy of the Corrective Assignment of Rents and Leases is attached hereto as Exhibit "D".

14. On or about April 1, 1999, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank a Corrective Mortgage that was recorded in the Official Records of Santa Rosa County, Florida to correct the legal description of

the real property described in the Mortgage. A true and correct copy of the Corrective Mortgage is attached hereto as Exhibit "E".

15. On or about December 16, 1999, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank a Mortgage Spreader Agreement that in pertinent part added another parcel of property as collateral to further secure the repayment of the indebtedness due under the loan. A true and correct copy of the Mortgage Spreader Agreement is attached hereto as Exhibit "F".

16. On or about July 17, 2003, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank a renewal to Note in the principal amount of $580,135.12 and the maturity date was extended to July 17, 2008 (the "2003 Renewal Note"). A true and correct copy of the 2003 Renewal Note is attached hereto as Exhibit "G".

17. On or about July 17, 2003, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank a Receipt of Advance Under Mortgage Providing for Future Advances therein acknowledging receipt of $35,729.57 as a mortgage loan pursuant to the Mortgage (the "2003 Receipt"). A true and correct copy of the 2003 Receipt is attached hereto as Exhibit "H".

18. On or about December 28, 2006, Defendants Mr. and Mrs. Patel executed and delivered to Community Bank a renewal to 2003 Renewal Note in

the original principal amount of $710,000.00 and the maturity date was extended to December 28, 2009 (the "2006 Renewal Note"). A true and correct copy of the 2006 Renewal Note is attached and marked as Exhibit "I".

19. On or about December 28, 2006, Defendants Mr. and Mrs. Patel executed and delivered to Community Banka Receipt of Advance Under Mortgage Providing for Future Advances therein acknowledging receipt of $204,081.98 as a mortgage loan pursuant to the Mortgage (the "2006 Receipt"). A true and correct copy of the 2006 Receipt is attached hereto as Exhibit "J".

20. On or about December 18, 2009, and shortly before the 2006 Renewal Note would mature, Community Bank was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation (the "FDIC") was named Receiver.

21. On or about December 18, 2009, the FDIC as Receiver for Community Bank, endorsed the 2006 Renewal Note to Hancock Bank, predecessor in interest to Plaintiff Whitney Bank, by allonge, and transferred possession thereof to Plaintiff's predecessor in interest. A true and correct copy of the allonge is affixed to a true and correct copy of the 2006 Renewal Note that is Exhibit "I".

22. On or about December 18, 2009, the FDIC as Receiver for Community Bank, assigned the 2006 Renewal Note to Hancock Bank, predecessor

in interest to Plaintiff Whitney Bank, along with all other related loan documents by that certain Assignment of Note, Mortgage and Loan Documents (the "Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit "K".

23. On or about April 17, 2010, and after the 2006 Renewal Note had matured, Defendants Mr. and Mrs. Patel executed and delivered to Hancock Bank, predecessor in interest to Plaintiff Whitney Bank, a Short-Term Maturity Extension Agreement in the original principal amount of $692,549.12 which extended the maturity date of the 2006 Renewal Note to July 15, 2010 (the "2010 Extension Agreement"). A true and correct copy of the 2010 Extension Agreement is attached hereto as Exhibit "L".

24. On or about January 17, 2012, Defendants Mr. and Mrs. Patel executed and delivered to Hancock Bank, Plaintiff's predecessor in interest, a Promissory Note in the original principal amount of $691,438.41 which renewed the 2006 Renewal Note and extended the maturity date of the loan to January 17, 2014 (the "2012 Renewal Note"). A true and correct copy of the 2012 Renewal Note is attached hereto as Exhibit "M".

25. On or about January 17, 2012, as further security for the repayment of the indebtedness due under the 2012 Renewal Note, and all prior notes, Defendant

{M0807539.1}                                            7

Shree Gayatrima, Inc. executed and delivered to Hancock Bank, Plaintiff's predecessor in interest, a Commercial Guaranty therein promising to pay the debts of Defendants Mr. and Mrs. Patel, whether then existing, or incurred thereafter (the "Commercial Guaranty"). A true and correct copy of the Commercial Guaranty is attached hereto as Exhibit "N".

26. On or about January 17, 2012, Defendants Mr. and Mrs. Patel executed and delivered to Hancock Bank, Plaintiff's predecessor in interest, a Modification of Mortgage that was recorded in the Official Records of Santa Rosa County, Florida to reflect, *inter alia*, the existence of the indebtedness due under the 2012 Renewal Note and the indebtedness due thereby. A true and correct copy of the Modification of Mortgage is attached hereto as Exhibit "O".

27. On or about January 20, 2012, the FDIC as Receiver for Community Bank, assigned the 2006 Renewal Note to Hancock Bank, predecessor in interest to Plaintiff Whitney Bank, along with all other related loan documents by that certain Assignment of Note, Mortgage and Loan Documents (the "2012 Assignment"). A true and correct copy of the 2012 Assignment is attached hereto as Exhibit "P".

28. On or about April 14, 2014, Defendants Mr. and Mrs. Patel executed and delivered to Hancock Bank, Plaintiff's predecessor in interest, a forbearance agreement which, in pertinent part, extended the maturity date of the loan to May

17, 2014 (the "April 2014 Forbearance Agreement"). A true and correct copy of the April 2014 Forbearance Agreement is attached hereto as Exhibit "Q".

29. On April 29, 2014, Whitney Bank, a Louisiana state-chartered bank, merged with and into the charter of Hancock Bank, a Mississippi state-chartered bank, and Hancock Bank changed its name to Whitney Bank, a Mississippi state-chartered bank. However, Plaintiff Whitney Bank operates and conducts business in Florida as Hancock Bank.

30. On or about May 29, 2014, Defendants Mr. and Mrs. Patel executed and delivered to Plaintiff Whitney Bank d/b/a Hancock Bank in Florida, a second forbearance agreement which, in pertinent part, extended the loan's maturity date to August 17, 2014 (the "May 2014 Forbearance Agreement"). A true and correct copy of the May 2014 Forbearance Agreement is attached hereto as Exhibit "R".

31. Plaintiff Whitney Bank is obligated to pay its attorneys a reasonable fee for their services.

32. All conditions precedent to this filing this Complaint have been performed, waived, or otherwise been satisfied.

**Count One – Action for Monetary Damages Under the 2007 Renewal Note**

Plaintiff Whitney Bank reasserts the allegations contained in Paragraphs 1 – 27 above and further alleges:

{M0807539.1}   9

33. This is an action for damages that exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

34. Plaintiff Whitney Bank, formerly known as Hancock Bank, successor by merger with Whitney National Bank, owns and holds the 2007 Renewal Note, and all other related loan documents, including the subsequent forbearance agreements.

35. Defendants Mr. and Mrs. Patel defaulted under the terms of 2007 Renewal Note, and the subsequent forbearance agreements, by, without limitation, failing to pay all amounts due and owing at maturity.

36. Under the 2007 Renewal Note, and subsequent forbearance agreements, Defendants Mr. and Mrs. Patel owe Plaintiff the unpaid principal amount of $670,793.96, plus interest, late charges, attorneys' fees, and costs.

WHEREFORE, Plaintiff Whitney Bank requests a judgment of monetary damages against Defendants Pankaj J. Patel and Jyoti Patel, jointly and severally, for the unpaid principal amount of $670,793.96, plus interest, late charges, attorneys' fees, and costs.

## Count Two – Mortgage Foreclosure

Plaintiff Whitney Bank reasserts the allegations contained in Paragraphs 1 – 27, and 28 – 31 above and further alleges:

37. This is an action to foreclose a mortgage encumbering real property located in Santa Rosa County, Florida, that secures repayment of the obligations described in Count I, *supra*.

38. Plaintiff Whitney Bank, formerly known as Hancock Bank, successor by merger with Whitney National Bank, owns and holds the 2007 Renewal Note, and is entitled to enforce the Mortgage, and all other related loan documents.

39. Defendants Mr. and Mrs. Patel own and possess the encumbered real property.

40. Defendants Mr. and Mrs. Patel defaulted under the terms of 2007 Renewal Note, and the subsequent forbearance agreements, as described in Count I, *supra*.

41. Under the 2007 Renewal Note, and subsequent forbearance agreements, Defendants Mr. and Mrs. Patel owe Plaintiff the unpaid principal amount of $670,793.96, plus interest, late charges, attorneys' fees, and costs.

WHEREFORE, Plaintiff Whitney Bank requests judgment foreclosing the Mortgage and, if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment against the obligors indebted for the deficiency.

## Count Three – Breach of the Commercial Guaranty

Plaintiff Whitney Bank reasserts the allegations contained in Paragraphs 1 – 27, and 28 – 31 above and further alleges:

42. This is an action for damages that exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

43. Plaintiff Whitney Bank, formerly known as Hancock Bank, successor by merger with Whitney National Bank, owns and holds the 2007 Renewal Note, and is entitled to enforce the Commercial Guaranty executed by Defendant Shree Gayatrima, Inc. and delivered to Hancock Bank, Plaintiff's predecessor in interest.

44. Defendants Mr. and Mrs. Patel defaulted under the terms of 2007 Renewal Note, and the subsequent forbearance agreements, as described in Count I, *supra*.

45. Defendants Shree Gayatrima, Inc. defaulted under the terms of the Guaranty Agreement by failing to repay the debts of Defendants Mr. and Mrs. Patel as agreed.

46. Under the Commercial Guaranty, Defendant Shree Gayatrima, Inc. owes Plaintiff the unpaid principal amount of $670,793.96, plus interest, late charges, attorneys' fees, and costs.

WHEREFORE, Plaintiff Whitney Bank requests judgment for monetary damages against Defendant Shree Gayatrima, Inc. for the unpaid principal amount of $670,793.96, plus interest, late charges, attorneys' fees, and costs.

**<u>Count Four – Enforcement of Assignment of Rents, Leases and Profits</u>**

Plaintiff Whitney Bank reasserts the allegations contained in Paragraphs 1 – 27, and 28 – 31 above and further alleges:

47.   This is an action for damages that exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

48.   This is an action to enforce the Assignment of Rents and Leases dated January 2, 1999, executed by Defendants Mr. and Mrs. Patel and delivered to Community Bank therein authorizing Community Bank to "collect the rents, income, receipts, revenues, issues and/or profits" emanating from the mortgaged property upon any default by Defendants Mr. and Mrs. Patel under the loan documents which was recorded in the Official Records of Santa Rosa County, Florida.

49.   On or about December 18, 2009, the FDIC as Receiver for Community Bank, assigned the 2006 Renewal Note to Hancock Bank, predecessor in interest to Plaintiff Whitney Bank, along with all other related loan documents by that certain Assignment, including the Assignment of Rents and Leases.

50. As alleged in Count I, *supra*, Defendants Mr. and Mrs. Patel are in default of its obligations under the 2007 Renewal Note and the Mortgage.

51. Pursuant to Section 697.07, Florida Statutes, Plaintiff demands from Defendants Mr. and Mrs. Patel the real property's existing and future rents, leases, profits, and income.

WHEREFORE, Plaintiff respectfully requests judgment adjudicating that Plaintiff is entitled to the rents, leases, profits, and income from the mortgaged property, and requiring Defendants Mr. and Mrs. Patel to deposit the leases, rents, and profits from the mortgaged property with Plaintiff's counsel or into the court registry pending an adjudication of Plaintiff's rights to them.

Respectfully submitted,

JONES WALKER LLP
Counsel for Plaintiff
201 South Biscayne Boulevard
Miami Center, Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
Facsimile: (305) 679-5710
miamiservice@joneswalker.com

*/s/ Michael Anthony Shaw, Esq.*
Michael Anthony Shaw, Esq.
Florida Bar No. 0018045
Christopher H. Ezell, Esq.
Florida Bar No. 105114

**DEFENDANTS TO BE SERVED BY PRIVATE PROCESS SERVER**